IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02733-GPG

JAMES KERN,

    Plaintiff,

v.

ANDREWS, FNU,
ALLEN, FNU,

    Defendants.

---

**ORDER OF DISMISSAL**

---

    Plaintiff, James Kern, is in the custody of the Federal Bureau of Prisons, currently incarcerated at the Federal Correctional Complex (Low) in Forrest City, Arkansas. He initiated this action on December 16, 2015 by filing *pro se* a Prisoner Complaint (ECF No. 1) alleging violations of his constitutional rights while he was incarcerated at the Federal Correctional Institution in Englewood, Colorado.

    On March 15, 2016, Magistrate Judge Gordon P. Gallagher ordered Plaintiff to show cause in writing why the action should not be dismissed as barred by the statute of limitations and also ordered Plaintiff to file an Amended Complaint that stated a viable *Bivens* claim if he wished to pursue any claims in this action. (ECF No. 9). Plaintiff was warned that if he failed to show cause in writing and file an Amended Complaint within thirty days, the action would be dismissed without further notice.

1

Plaintiff has failed to show cause or file an Amended Complaint within the time allowed. He has failed to communicate with the Court in any way since the March 15, 2016 Order.

Mr. Kern has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 8). Therefore, the Court must dismiss the action if Mr. Kern's claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

**I.      The Complaint**

Plaintiff alleges that his Fifth Amendment due process rights were violated when he was sent to the SHU on January 26, 2012 and the Defendants "converted Plaintiff's property [worth $654.90] to their own use and benefit, and negligently failed and neglected to maintain proper control of the Plaintiff's peroperty [sic] . . . ." (ECF No. 1 at 4). He also argues that he suffered consequential damages as a result of the conversion of his property because one of the items taken was his prescription glasses. (*Id.* at 5). As a result, Plaintiff alleges his eyesight has been permanently damaged. He seeks monetary relief.

In his Complaint, Plaintiff indicated that there is a formal grievance procedure at the prison and that he has exhausted the available administrative remedies. (ECF No. 1 at 7).  The Court is aware that Plaintiff previously filed an almost identical case in this court, *Kern v. Andrews*, 15-cv-957-LTB, which was dismissed on August 26, 2015 without prejudice for disregarding a court order and failing to proceed as required by court rules.

## II.     Analysis

### A.  Statute of Limitations

Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the court may dismiss a claim *sua sponte* under § 1915 on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success."  *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

The statute of limitations for a *Bivens* action arising in Colorado is two years. *See Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968, and n. 4 (10th Cir. 1994).  Under federal law, the statute of limitations begins to run "when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."  *Id.* at 968-69.

Mr. Kern alleges that his property was confiscated on or about January 26, 2012, when he was sent to the SHU.  The allegations of the Complaint indicate that he was

aware of the confiscation at that time, or at the very latest, when he was released from the SHU. Mr. Kern failed to respond in any way to the Court's order directing him to show cause as to why the action should not be dismissed as barred by the statute of limitations.

Therefore, the action is barred by the statute of limitations and will be dismissed as legally frivolous.

### B. Bivens Claim

Additionally, Plaintiff's allegations regarding loss or confiscation of his personal property are insufficient to state an arguable due process violation. As an initial matter, to the extent the disappearance of Plaintiff's property was the result of negligent conduct by the Defendants, there is no Constitutional concern. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property.") (emphasis in the original).

Further, to the extent Plaintiff is alleging intentional misconduct, Mr. Kern cannot pursue a due process claim unless he was deprived of an administrative remedy for the loss of his property. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). The BOP Administrative Remedy Program allows inmates to seek formal review of an issue relating to any aspect of his or her confinement. *See* 28 C.F.R. §§ 542.10 - 542.19. The BOP also has an administrative tort claims procedure whereby a federal inmate may file a claim with regard to his damaged or lost property. *See* 28 C.F.R. §§ 543.30 - 543.32.

Mr. Kern does not allege that these procedures were unavailable to him. As a result, Plaintiff fails to state an arguable due process claim under *Bivens*. *See, e.g., Jones v. Federal Bureau of Prisons*, 2013 U.S. Dist. LEXIS 134215, 2013 WL 5300721, at *12 (E.D.N.Y. Sept. 19, 2013) (citing several cases in which the courts have recognized that the BOP's administrative remedy procedure and administrative tort claims procedure are adequate to preclude a *Bivens* claim for a due process violation).

Thus, even if this action was not time barred, it would be dismissed as legally frivolous for failure to state a viable *Bivens* claim.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 21st day of April, 2016.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge